IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>MODESTO JOE PENA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE CONCERNING DEFENSE WITNESS SIONE PUTUTAU<br><br>Case No. 2:20-cr-00304-TS<br><br>District Judge Ted Stewart |

      This matter comes before the Court on the government's Motion in Limine Seeking an Expedited Pretrial Ruling Concerning Defense Witness Sione Pututau (Docket No. 117). In its Motion, the government seeks approval of a line of cross-examination questions directed to Mr. Pututau and, in the event Mr. Pututau answers "no" to any of those questions, the government seeks approval to subpoena Mr. Pututau's counsel. For the reasons discussed below the Court will grant the Motion as to the questions and deny the Motion as to the request to subpoena Mr. Pututau's attorney.

      The government seeks to question Mr. Pututau about his plea agreement and negotiations, and his sentence. The government contends that because Mr. Pututau rejected an offer that was more lenient than the sentence his to ultimately received, he is biased against the government in testifying for the Defendant in this case.

      Under Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without evidence" and "the fact is of consequence in

1

determining the action." The government contends that the evidence of Mr. Pututau's plea negotiations and ultimate sentence is relevant to show bias against the United States in his testimony for the Defendant. The Supreme Court has stated that "[a] successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony."[1] "Bias may be induced by a witness' like, dislike, or fear of a party" and "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."[2] As such, the Court finds that the information sought to be elicited by the proposed questions regarding Mr. Pututau's plea negotiation and eventual sentence is relevant and the government is entitled to ask the four proposed cross-examination questions at trial.

Additionally, the government seeks to put on extrinsic evidence to impeach Mr. Pututau through his attorney if he denies any of the proposed questions. Mr. Pututau objects citing attorney-client privilege. While the Court is not persuaded that the questions here are protected by attorney-client privilege,[3] the Court will deny the government's request to put Mr. Pututau's attorney on the stand. While "Courts of Appeals have upheld use of extrinsic evidence to show bias,"[4] and the Fed. R. Evid. 608 Committee Notes acknowledges the admissibility of extrinsic

---

[1] *United States v. Abel*, 469 U.S. 45, 51 (1984).

[2] *Id.* at 52.

[3] *See In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010) ("Where questions only request information regarding communications where the attorney was acting as a 'conduit' for non-confidential information, the client may not invoke the attorney-client privilege. These questions [do] not request information regarding privileged legal advice provided by the attorney to his client, nor would the questions tend, directly or indirectly, to require the attorney to reveal the substance of any legal confidence.") (citation omitted).

[4] *Abel*, 469 U.S. at 51.

evidence to show bias, admissibility is subject to the limitations of Rules 402 and 403.[5] Here, although the information may be relevant, the Court finds that the probative value of allowing Mr. Pututau's attorney to testify against his client is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The Court is wary of requiring a defendant's attorney to testify against him, especially where, as here, there are other means by which to obtain the information.

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 117) is GRANTED in part and DENIED in part.

DATED this 30th day of December, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] Fed. R. Evid. 608 advisory committee's note to 2003 amendment ("[A]dmissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) [is left] to Rules 402 and 403.") (citing *United States v. Winchenbach*, 197 F.3d 548 (1st Cir. 1999) (admissibility of a prior inconsistent statement offered for impeachment is governed by Rules 402 and 403, not Rules 608(b)); *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988) (admissibility of extrinsic evidence offered to contradict a witness is governed by Rules 402 and 403); *United States v. Lindemann*, 85 F.3d (7th Cir. 1996) (admissibility of extrinsic evidence of bias is governed by Rules 402 and 403)).