IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MODESTO JOE PENA,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE QUESTIONING OF WITNESS ABOUT ARREST AND MISDEMEANOR CONVICTION<br><br>Case No. 2:20-CR-304 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Exclude Questioning of Witness about Arrest and Misdemeanor Conviction.[1] For the reasons discussed below, the Court will grant the Motion.

I.　　BACKGROUND

The government intends to call witness J.Y. as part of their case in chief. The government seeks an order excluding Defendant from introducing any evidence regarding what the government described as an arrest and misdemeanor conviction of J.Y. In support, the government argues that such information is inadmissible under Federal Rules of Evidence 401, 402, and 609. In his Response, Defendant clarifies that J.Y. was not convicted of the misdemeanor for which he was arrested and, therefore, does not argue for its admissibility under Rule 609. Instead, Defendant requests the government's Motion be dismissed as moot. The

---

[1] Docket No. 120.

1

parties agree that should J.Y. testify at trial that he has never been arrested, evidence of his prior arrests would become relevant as a false statement under oath.

## II.     ANALYSIS

Federal Rule of Evidence 609 provides the circumstances under which evidence of a witness' prior criminal conviction is admissible for purposes of witness impeachment. "[Q]uestions based upon past arrests are not properly within the scope of [Rule 609]. Rule 609 refers specifically to convictions, and one may not extrapolate from convictions to other situations such as arrests."[2] The Court therefore finds that any evidence of witness J.Y.'s prior arrests are irrelevant and inadmissible. Should witness J.Y. make a misrepresentation at trial regarding his arrest, the Court will revisit the admissibility of such evidence. The Court further finds that the government's argument for the inadmissibility of witness J.Y.'s prior misdemeanor conviction is moot because it appears no such conviction exists.

## III.     CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 120) is GRANTED in part.

DATED this 30th day of December, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[2] *United States v. Wilson*, 244 F.3d 1208, 1217 (10th Cir. 2001), *as corrected on reh'g* (May 10, 2001).