IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MODESTO JOE PENA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO CROSS-EXAMINE DEFENDANT WITH FORGERY CONVICTION<br><br><br>Case No. 2:20-CR-304 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Cross Examine Defendant with Forgery Conviction.[1] For the reasons discussed below, the Court will grant the Motion.

I.        BACKGROUND

On September 26, 2016, Defendant pleaded guilty to possession of a forged writing in the Third District Court for the State of Utah. In so doing, Defendant acknowledged that, on May 13, 2016, he "possessed a forged writing or device and took . . . money by deception."[2] The government seeks an order from the Court authorizing the government to question Defendant about his forgery conviction if Defendant testifies at trial. Defendant argues that a ruling from the Court on this matter at this time is premature where the Court does not yet know if the Defendant will testify at trial.

---

[1] Docket No. 122.

[2] *Id* at 2.

1

## II. ANALYSIS

Federal Rule of Evidence 609(a)(2) states that, "for any crime regardless of the punishment, the evidence [of a prior criminal conviction] must be admitted if the court can readily determine that establishing the elements of the crime require proving—or the witness admitting—a dishonest act or false statement." Courts have consistently held that admission of evidence under Rule 609(a)(2) is mandatory, and the Court does not have discretion to exclude evidence falling under its parameters.[3] The Court finds, and the Defendant does not argue otherwise, that Defendant's prior conviction required the Defendant to admit to elements of the crime that included "a dishonest act or false statement."[4] As such, evidence of his crime "must" be admitted. Because the Court is afforded no discretion under Rule 609(a)(2), the Court finds that delaying a ruling on this issue until after the Court knows whether the Defendant will testify is unnecessary.

## III. CONCLUSION

It is therefore

---

[3] *See e.g.*, *Burke v. Regalado*, 935 F.3d 960, 1018 (10th Cir. 2019) ("[Federal Rule of Evidence 403] does not apply to evidence of prior convictions admitted under Rule 609(a)(2)."); *United States v. Harper,* 527 F.3d 396, 408 (5th Cir. 2008) ("Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted."); *United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007) (citing *United States v. Cunningham*, 638 F.2d 696, 698 (4th Cir. 1981) ("A trial judge has no discretion to exclude evidence that qualifies under [Rule 609(a)(2)]")); *Mattiaccio v. DHA Grp., Inc.*, No. CV 12-1249 (CKK), 2019 WL 6498865, at *12 (D.D.C. Dec. 3, 2019) ("Evidence of a conviction admissible under Rule 609(a)(1) is subject to Rule 403, while evidence admissible under Rule 609(a)(2) is not.").

[4] Courts have consistently found that crimes similar to Defendant's forgery conviction are admissible under Rule 609(a)(2). *See, e.g., United States v. Newman*, 849 F.2d 156, 163 (5th Cir. 1988) (holding prior convictions for "theft by deception" and "theft forgery" were properly admitted under Rule 609(a)(2).

ORDERED that the government's Motion in Limine (Docket No. 122) is GRANTED.

DATED this 30th day of December, 2022.

BY THE COURT:

Ted Stewart
United States District Judge