IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MODESTO JOE PENA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING GOVERNMENT'S MOTION IN LIMINE REGARDING LOST OFFICER BODY-WORN CAMERA VIDEOS <br><br> Case No. 2:20-CR-304 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine Regarding Lost Officer Body-Worn Camera Videos.[1] For the reasons discussed below, the Court will deny the Motion and decline to provide the related jury instruction proposed by either the government or the Defendant in his Response Memorandum.[2]

I. BACKGROUND

Defendant was arrested by law enforcement officers shortly after the burglary at issue was committed. Each of the officers who responded to the scene of the crime and were involved in Defendant's arrest were purportedly equipped with body-worn cameras and the responding law enforcement vehicles were purportedly equipped with dash-cams. All the video footage produced from these dash- and body-worn cameras were subsequently lost by the South Salt

---

[1] Docket No. 125.

[2] Docket No. 143-1 at 1.

1

Lake Police Department due to a mistake in transferring the relevant files from one server to another.

The government now seeks to instruct the jury as follows: "You are instructed not to draw any inferences from the inadvertent loss of these videos when weighing the credibility of any testifying officer in this case."[3] Conversely, in his Response, Defendant proposes an instruction that directs the jury that if they find the video evidence was destroyed in bad faith, they "may infer that the evidence would have been adverse to the government and view the evidence in as strong a light as possible against the government and in favor of the defendant."[4]

## II.   ANALYSIS

The parties have not provided, and the Court is unaware of, any authority indicating that providing a jury with either instruction is necessary or appropriate. First, the government's proposed instruction is unsupported by any case law identified by the government or the Court. Second, as argued by the government, the Defendant's proposed instruction is not appropriate where the Court has previously found there is not sufficient evidence of bad faith by the South Salt Lake Police Department regarding the video evidence destruction.[5] Further, the Court will provide standard instructions to the jury that explains how evidence is to be considered and weighed. The Court is not convinced that any instruction beyond this would be appropriate or helpful to the jury in their consideration of the lost body-camera footage. Subject to Federal Rule

---

[3] Docket No. 125 at 1.

[4] Docket No. 143-1 at 1.

[5] *See* Docket No. 103 at 5–9; *Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1220 n.2 (10th Cir. 2009) (stating that "a showing of intentional destruction or bad faith" is required "before issuing a spoliation instruction permitting the jury to draw an adverse inference from the destruction of evidence") (citation and quotation marks omitted).

of Evidence 403, both parties will be able to provide evidence or illicit testimony regarding the circumstances leading to the lost camera footage and the jury may consider any such evidence in their deliberations as they would any other evidence.

### III.   CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 125) is DENIED.

DATED this 30th day of December, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

3