IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>MODESTO JOE PENA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING GOVERNMENT'S MOTION TO STRIKE ANTICIPATED TESTIMONY OF DEFENSE EXPERT JULIE A. BUCK<br><br>Case No. 2:20-CR-00304-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion to Strike Anticipated Testimony of Defense Expert Julie A. Buck.[1] For the reasons discussed below, the Court will deny the Motion.

The government initially challenges Defendant's proposed expert Julie A. Buck, as "improperly usurp[ing] the role of the jury to evaluate the credibility of eyewitness testimony."[2] Under Fed. R. Evid. 702, "a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."[3] Here, the government does not challenge the proposed expert's testimony under the reliability prong but does not waive its right to do so.[4] Therefore, for purposes of resolving this Motion, the Court will only address the relevancy of the testimony, or in other

---

[1] Docket No. 126.

[2] Docket No. 126 at 1.

[3] *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006).

[4] Docket No. 126 at 3 n.11.

words, whether the proposed testimony will assist the factfinder.[5] Factors for a court to consider in resolving an expert's helpfulness to the jury include, "(1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; (3) whether it will usurp the juror's role of evaluating a witness's credibility."[6]

At the outset, Dr. Buck's proposed testimony is "plausibly relevant" since whether the eyewitness identification of the defendant is reliable is the most important issue at the upcoming trial.[7] Turning to the second factor and "more fundamental inquiry,"[8] the Tenth Circuit has recognized "narrow circumstances" favoring admission of eyewitness identification expert testimony,[9] cautioning however, that "outside of these specialized circumstances, expert psychological testimony is unlikely to assist the jury."[10] Factors favoring admission include issues such as: "cross-racial identification, identification after a long delay, identification after observation under stress, and such psychological phenomena as the feedback factor and unconscious transference."[11] "[C]onfinement of such testimony to limited circumstances reflects *Daubert's* admonition that expert testimony assist the jury—indeed, an expert's testimony describing how certain factors, falling outside a typical juror's experience, may affect a[n]

---

[5] *Rodriguez-Felix*, 450 F.3d at 1123.

[6] *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 570, 593 (1993)).

[7] *Id.* at 1126; Docket No. 156 at 14.

[8] *Rodriguez-Felix*, 450 F.3d at 1126.

[9] *Id.* at 1124.; *United States v. Smith*, 156 F.3d 1046, 1052 (10th Cir. 1998).

[10] *Rodriguez-Felix*, 450 F.3d at 1125.

[11] *Id.* at 1124 (quoting *Smith*, 156 F.3d at 1053); *United States v. Harris*, 995 F.2d 532, 535 (4th Cir. 1993).

eyewitness's identification is the very type of scientific knowledge to which *Daubert's* relevance prong is addressed."[12]

In *United States v. Smith*, the Tenth Circuit held that although it was a close case, it was not an abuse of discretion for the district court to exclude an eyewitness expert's testimony where there were *five* eyewitnesses, "not one," and testimony that the defendant changed his alibi.[13] However, here, just as in *United States v. Oliver*, the government intends to rely primarily on one eyewitness to establish the defendant's guilt.[14] Additionally, this case includes cross-racial identification as the eyewitness is white and the defendant is Hispanic.[15] The eyewitness made the observation under stress, in which he was confronting two suspects with his own firearm, at night.[16] Further, the eyewitness identified the defendant after a "show up," before which he was not asked to provide any description of the suspect.[17] These facts favor the admission of eyewitness expert testimony and fall under the "narrow circumstances" likely to assist a jury.[18]

---

[12] *Rodriguez-Felix*, 450 F.3d at 1125.

[13] *Smith*, 156 F.3d at 1053–54; *see also Harris*, 995 F.2d at 535 ("The commonly encountered problem in identifying a robber involves one identification, by one witness, under stress."); *United States v. Smith*, 736 F.2d 1103, 1107–08 (6th Cir. 1984) (holding exclusion of expert eyewitness identification testimony as harmless error where the government's case included three separate eyewitnesses and a palm print that discredited the defendant's alibi); *United States v. Blade*, 811 F.2d 461, 465 (8th Cir. 1987) ("[W]e would be especially hesitant to find an abuse of discretion *unless* the government's case against the defendant rested exclusively on uncorroborated eyewitness testimony.") (emphasis added).

[14] *United States v. Oliver*, 2:00-cr-087 ST, 2000 WL 35610160, *4 (D. Utah April 18, 2000).

[15] Docket No. 144 at 3.

[16] Docket No. 156 at 7–9.

[17] *Id.* at 13–14.

[18] *Rodriguez-Felix*, 450 F.3d at 1125.

Turning to the last factor, Dr. Buck will not opine on whether the eyewitness testimony in this case is reliable, and will therefore, not usurp the role of the jury.[19] As such, Dr. Buck will be allowed to testify as an expert witness regarding the reliability of eyewitness identification. The government will have an opportunity to make proper objections, as well as to cross examine Dr. Buck.

In its Reply brief, the government raises concerns with Defendant's expert disclosure as required by Fed. R. Crim. Pro. 16 for the first time.[20] Not only do the local rules limit a movant to matters raised in the memorandum opposing the motion,[21] "considering new arguments raised for the first time in a reply would be profoundly unfair to the opposing party."[22] These issues were known to the government prior to the filing of this motion and could have easily have been raised prior to the Reply. As such, the Court will not consider the new arguments regarding alleged Rule 16 deficiencies. Even considering such deficiencies, however, exclusion of Dr. Buck's testimony is not the appropriate remedy.[23] Further, given the above ruling, the Court sees no need for a sur-reply as requested by the government.

It is therefore

ORDERED that the government's Motion to Strike Anticipated Testimony of Defense Expert Julie A. Buck (Docket No. 126) is DENIED.

---

[19] Docket No. 144 at 5.

[20] Docket No. 145.

[21] DUCrimR 12-1(c).

[22] *Almaguer v. Auto-Owners Ins. Co.*, 2:21-cv-424, 2021 WL 6135562, at *1 (D. Utah December 29, 2021).

[23] *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) ("In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order.").

DATED December 30th, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge