IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MODESTO JOE PENA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER ON UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE UNDER RULE 404(b)<br><br>Case No. 2:20-CR-304 TS<br><br>District Judge Ted Stewart |

The United States has filed a notice of intent to introduce evidence under Federal Rule of Evidence 404(b). The United States seeks to introduce evidence of two instances where Defendant was encountered by and fled from certain police officers who will testify at trial. The United States contends that these instances are admissible under Rule 404(b) as "to the issue of credibility and SSLPD officers' recognition and identification of defendant."[1]

The Tenth Circuit has provided a four-pronged requirement for any evidence admitted under Rule 404(b):

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it is admitted.[2]

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

---

[1] Docket No. 153, at 2.

[2] *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

1

accordance with the character."[3] However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." [4]

First, the evidence of prior police encounters with Defendant appears to be offered for proper purposes under Rule 404(b), specifically identity and absence of mistake. These prior encounters demonstrate that certain police officers, who will testify at trial, had prior interactions with Defendant and that these prior interactions helped them to identify him when they encountered him on the night in question.

Second, these prior encounters are relevant as Defendant's identity and his alleged participation in the robbery are key issues in this case.

Third, the Court will limit the evidence such that its probative value is not substantially outweighed by its potential for prejudice. The United States' notice includes detailed descriptions of the incidents and the resulting charges and convictions. Such information is minimally probative and poses a danger of unfair prejudice. It is the fact that these officers have encountered Defendant in the past, not the details of the prior encounters, that is relevant to the issue of identity. Therefore, the Court will permit the United States to inquire as to whether certain officers have had prior interactions with Defendant but will not permit the United States to go into the details of those interactions or the resulting charges and convictions.

Finally, a limiting instruction can be provided upon request of either party.

SO ORDERED.

---

[3] Fed. R. Evid. 404(b)(1).
[4] *Id.* 404(b)(2).

DATED this 4th day of January, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge